UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD POLETTI; SUZANNA BLANKENSHIP; JAMES TISCHHUASER; JEFFREY TISCHHUASER; GARY WALKER; DELLEE ZURLIENE; TIMOTHY KINNAMAN; PHILLIP NASH; KIRBY LEE WILLIAMS; DAVE SHOOT; PAUL DAILY; CHRIS NASH; TERRY NASH; GARY DEAN COX; ROBERT SNIDER; DARRELL HINKLE; DANIEL RUBIN; MICHAEL BUNTIN; JAMES ALAN HOOD; JAMES FRANKLIN DAVIS; DANE SMITH; BENTON WEILER; DOUGLAS DOWNS; STEVEN WEAKLY; RAYMOND RAINWATER; KEVIN BABB; DAVE ZELHART; MARK ROBERTS; ROGER BABB; ROBERT LAKEY; PATRICK MORRIS; DAVID STEWARD; HAROLD ERLENBACH; EDWIN SUMMERS; ALAN ONKEN; BRET BERG; BRUCE PENNING; JAMES HANSON; ROBERT OLSON; LYLE GERTNER; STAN KLASSEN; DOUGLAS POHLMAN; MELVIN ZUIDEMA; WAYNE SKAAR; DOUGLAS EISENMENGER; ALAN SCHRAMM; GENE TAPP; DAVID HOLST; JOHN OPFE;  MARK ALTERMATT; LAURIE HOFFBECK; LANNY KIECKER; RANDY KRAMER; GARY OVERGAARD; JACK BOOMGAARDEN; LEROY TWEET; KEN HOIME; JEFF THORSON; ALVIN BOOMGAARDEN; BILL STEIN; RANDALL POTHEN; RICHARD LINSCHEID; SCOTT LANKOW; JAMES FERGUSON; MICHAEL BUTLER; EDWARD CONNELL; VIRGIL MUELLER; DANIEL MOSER; ARLYN BAERG; JAY MUGGE; BRIAN FAIRCHILD; SCOTT BRATTHAUER; LANCE SHAFER; ERIC VOHS; DAVID FORBES; MARK FORBES; TODD DEGEN; JEFF STATEMA; MARK PEDERSEN; DAVE MUHLBAUER; NATHAN VERMEER; TRACY FUNK; MICHAEL RABE; DAVID RICHTER; CRAIG KASSEL; RANDY LOOMIS; MARK FREDERICKSON; MARVIN JOHNSON; DALLAS JOHNSON; DOUG TINNES; DUANE BOEHM; RANDY SHATEK; RANDY HORSLEY; TERRY LUDWIGS; TROY BENJEGERDES; STEVEN ERDMAN; LEON | No. 3:15-cv-01221 |

BENJEGERDES; RAY STONER; RODNEY DIETZ; JAMES LOCKLEAR; DAN BRONNENBERG; DUANE JACKSON; KYLE DUAN JACKSON; SETH PHILLIP MYERS; CHRIS CORNELIUS; GARY WHALLON; PATRICK WORLAND; WAYNE BOTHEL; ROD EPPING; JOEL STARR; MICHAEL THOMAS; ALAN HILT; DUANE SIFFRING; CHRIS BEAVER; THOAMS VODICKA; ROSS BAUMAN; NORMAN HOFER; JAMES HAUSER; ERIC NELSON; MIKE THOMPSON; KIM MADSEN; DAN SCHLAFFMAN; CHRIS BAKER; and MICHAEL ROZELL,

    *Plaintiffs*,

v.

SYNGENTA AG;
SYNGENTA CROP PROTECTION AG;
SYNGENTA CORPORATION;
SYNGENTA CROP PROTECTION, LLC;
SYNGENTA BIOTECHNOLOGY, INC.; and
SYNGENTA SEEDS, INC.,

    *Defendants*.

## DEFENDANTS SYNGENTA CORPORATION, SYNGENTA CROP PROTECTION, LLC, SYNGENTA BIOTECHNOLOGY, INC., AND SYNGENTA SEEDS, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, defendants Syngenta Corporation, Syngenta Crop Protection, LLC, Syngenta Biotechnology, Inc., and Syngenta Seeds, Inc. (collectively, "Syngenta" or "Defendants"), expressly reserving all rights otherwise to respond to this lawsuit, including but not limited to any objection to improper venue, hereby remove the above-captioned case, which was filed in the Third Judicial Circuit of Madison County, Illinois, and captioned No. 15-L-1219, to the United States District Court for the Southern District of Illinois.

This case is removable because this Court has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and thus removal is proper under 28 U.S.C. § 1453(b).

## REMOVAL JURISDICTION

1. This case is a civil action that was filed on September 18, 2015 in the Third Judicial Circuit of Madison County, Illinois, styled *Poletti et al. v. Syngenta AG et al.*, No. 15-L-1219. *See* Compl. (attached as Ex. A). Syngenta Corporation was served with the Complaint on October 6, 2015 by personal service in Delaware. *See* Executed Summons (attached as Exhibit B) at B1. Syngenta Crop Protection, LLC was served with the Complaint on October 5, 2015 by personal service on its registered agent for service of process in Illinois. *See id.* at B8. Syngenta Seeds, Inc. was served with the Complaint on October 5, 2015 by personal service on its registered agent for service of process in Illinois. *See id.* at B3. Plaintiffs purported to serve Syngenta Biotechnology, Inc. with the Complaint on October 5, 2015, *see id.* at B5-B7, but as explained below, *see infra* para. 7, Syngenta Biotechnology, Inc. has been merged into Syngenta Crop Protection, LLC and no longer exists as a separate corporate entity. No other Defendants have been served.[1]

2. Removal is timely under 28 U.S.C. § 1446(b). Defendants have filed this Notice of Removal within thirty (30) days of when the Complaint and summons were served on October 5, 2015. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348-49 (1999); *see also Phoenix Container, L.P. ex rel. Samarah v. Sokoloff*, 83 F. Supp. 2d 928, 930 (N.D. Ill. 2000) ("The Supreme Court recently clarified § 1446(b) by holding that the thirty-day removal

---

[1] Defendants Syngenta AG and Syngenta Crop Protection AG are Swiss companies that have not been served. Neither their consent nor joinder is necessary for removal under CAFA, *see* 28 U.S.C. § 1453(b) (permitting CAFA removal "by any defendant without the consent of all defendants"), or under § 1446, *see* 28 U.S.C. § 1446(b)(2)(A) (requiring only those "defendants who have been properly joined *and served* [to] join in or consent to the removal of the action") (emphasis added).

period does not begin to run until a defendant is formally served with the complaint.") (citing *Murphy Bros.*, 526 U.S. at 353-55).

3. Removal to this Court is proper because the Southern District of Illinois, East St. Louis Division, is the district and division embracing the place (Madison County, Illinois) where the action was filed. 28 U.S.C. § 1441(a).

4. As required by 28 U.S.C. § 1446(a), Defendants have attached to this notice "a copy of all process, pleadings, and orders served upon" them. More specifically, the following documents are attached: (a) plaintiffs' Complaint (Ex. A), and (b) all process, pleadings and orders that have been served upon Defendants (Ex. B).

5. Upon filing this Notice of Removal, Defendants will provide written notification to plaintiffs' counsel and will file a Notification of Removal (attaching a copy of this Notice of Removal) with the Third Judicial Circuit of Madison County, Illinois.

## BACKGROUND

6. Plaintiffs are individuals who reside in and, upon information and belief, are citizens of Illinois, Minnesota, Iowa, North Carolina, Indiana, Nebraska, and South Dakota for jurisdictional purposes. *See* Compl., Ex. A ¶¶ 1-124, 136-37.

7. No Defendant is a citizen of Illinois, Iowa, Indiana, Nebraska, or South Dakota. Defendants Syngenta AG, Syngenta Crop Protection AG, Syngenta Corporation, and Syngenta Seeds, Inc. are corporations, each incorporated outside of Illinois, Iowa, Indiana, Nebraska, and South Dakota with their principal places of business outside of those states. *Id.* ¶¶ 126-28, 130-31; *see Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (holding that a corporation is a citizen of its place of incorporation and its "principal place of business," which is "the actual center of direction, control, and coordination" of corporation's activities). Defendant Syngenta Crop Protection, LLC, is a limited liability company organized under the laws of the state of

4

Delaware, *id.* ¶ 129, and does not have any member that is a citizen of Illinois, Iowa, Indiana, Nebraska, or South Dakota. *See Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) ("[L]imited liability companies are citizens of every state of which any member is a citizen."). Although plaintiffs have also named Syngenta Biotechnology, Inc. as a defendant, Syngenta Biotechnology, Inc. was merged into Syngenta Crop Protection, LLC as of December 31, 2014. Prior to this merger, Syngenta Biotechnology, Inc. was incorporated in Delaware with its principal place of business in North Carolina. Compl. ¶ 130.

## JURISDICTION EXISTS UNDER THE CLASS ACTION FAIRNESS ACT

8.   Congress enacted CAFA to "ensur[e] Federal court consideration of interstate cases of national importance." *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1346 (2013). CAFA creates federal jurisdiction over and makes removable "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *id.* § 1453(b) ("A class action may be removed to a district court of the United States in accordance with section 1446 . . . ."). "Class action" is defined by the statute to include a "mass action." *Id.* §§ 1332(d)(11)(A), 1453(a). A case is removable as a mass action if (1) there are "'monetary relief claims of 100 or more persons'"; (2) those claims "'are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact'"; (3) there is minimal diversity of citizenship; (4) "at least one individual plaintiff . . . seek[s] recovery exceeding $75,000"; and (5) the plaintiffs' claims, when aggregated, put more than $5 million in controversy. *Bullard v. Burlington N. Santa Fe Ry. Co.*, 556 F. Supp. 2d 858, 859 (N.D. Ill. 2008) (quoting 28 U.S.C. § 1332(d)(11)), *aff'd*, 535 F.3d 759 (7th Cir. 2008). All five requirements are satisfied here.

9. **Claims For Monetary Relief On Behalf Of 100 Or More Persons.** The Complaint asserts claims for damages on behalf of 123 plaintiffs, *see* Compl., Ex. A ¶¶ 1-124,[2] which exceeds CAFA's requirement that a removable mass action consist of at least 100 plaintiffs, *see* 28 U.S.C. § 1332(d)(11)(B)(i).

10. **Complaint Seeks To Try Claims Jointly Based On Common Questions Of Facts Or Law.** The Complaint expressly alleges that "there are significant questions of law and fact [that] are common to all Plaintiffs, and the claims of all Plaintiffs are due to be *tried together and jointly*." Compl., Ex. A ¶ 143 (emphasis added); *see also id.* ¶ 142 (alleging that "[a]ll claims involve common questions" of law and fact). In addition, by joining all of the plaintiffs together in a single complaint, Illinois procedural law treats the complaint as requesting a single trial of all joined plaintiffs' claims. *See Bullard*, 556 F. Supp. 2d at 860 (holding that plaintiffs' proposal of a joint trial of their claims was "inherent in the very fact that plaintiffs filed a single joint complaint" because "fil[ing] one action joining all 144 plaintiffs under a single caption" requests "a single trial [a]s the default rule" under Illinois procedural law).

11. **Minimal Diversity Of Citizenship.** Minimal diversity exists because plaintiffs include citizens of Illinois, Iowa, Indiana, Nebraska, and South Dakota, and none of the Defendants is a citizen of any of those states. *See supra* paras. 6-7; 28 U.S.C. § 1332(d)(2)(A) (minimal diversity met where "any member of a class of plaintiffs is a citizen of a State different from any defendant"); *see Hart v. FedEx Ground Package Sys.*, 457 F.3d 675, 676-77 (7th Cir. 2006) (same).

12. **More Than $75,000 In Controversy For At Least One Plaintiff's Claim.** According to the Complaint, "[e]ach Plaintiff claims actual damages exceeding $75,000,

---

[2] Although the Complaint names 124 plaintiffs, one plaintiff voluntarily dismissed his claims in state court before this case was removed. *See* Alan Onken's Notice of Voluntary Dismissal, Ex. B at B10.

exclusive of interest and costs." Compl., Ex. A ¶ 125; *see, e.g., Bullard*, 556 F. Supp. 2d at 859 (finding individual amount in controversy satisfied where complaint alleged that "many of the claims asserted herein have a value in excess of $75,000").

13. **$5 Million Aggregate Amount In Controversy.** The face of the Complaint confirms that the aggregate amount in controversy exceeds $5,000,000. Because the Complaint alleges that "[e]ach Plaintiff claims actual damages exceeding $75,000" and there are 123 total plaintiffs, Compl., Ex. A ¶¶ 1-125; *see supra* para. 9, there is at least $9,225,000 in controversy. *See, e.g., Bullard*, 556 F. Supp. 2d at 859 (finding aggregate amount in controversy satisfied where plaintiffs alleged that "many of the claims asserted herein have a value in excess of $75,000" and therefore "[e]ven if only half of the 144 individual plaintiffs are seeking damages of $75,000, their 72 claims would exceed $5 million in the aggregate"). The Complaint also alleges that the defendants' challenged conduct caused "billions of dollars of damages to U.S. exporters, including farmers, farm landowners and farming entities." Compl., Ex. A ¶ 157. Moreover, in addition to compensatory and consequential damages, plaintiffs also seek punitive damages and injunctive relief. *Id.* ¶ 167; *see Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211-12 (7th Cir. 1995) ("'Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining the jurisdictional amount.'" (quoting *Bell v. Preferred Life Soc'y*, 320 U.S. 238, 240 (1943))); *Tropp v. W.-S. Life Ins. Co.*, 381 F.3d 591, 596 (7th Cir. 2004) ("[T]he cost a defendant incurs in complying with injunctive relief is a legitimate consideration in a jurisdictional inquiry.").

14. None of CAFA's narrow exceptions applies. *See Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 618 (7th Cir. 2012) ("CAFA was enacted to grant[] broad federal jurisdiction over class actions and establishes narrow exceptions to such jurisdiction.")

(alteration in original). The local-controversy exception does not apply because none of the Defendants is a citizen of Illinois. *See* 28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc) (requiring in part that "at least [one] defendant is a defendant who is a citizen of the State in which the action was originally filed"). The home-state controversy exception and discretionary exception do not apply for the same reason. *See* 28 U.S.C. § 1332(d)(4)(B) (requiring in part that "the primary defendants, are citizens of the State in which the action was originally filed" for the home-state controversy exception); 28 U.S.C. § 1332(d)(3) (requiring in part that "the primary defendants are citizens of the State in which the action was originally filed" for the discretionary exception); *Hart*, 457 F.3d at 679 (same for both home-state controversy and discretionary exception). Nor does the single-event exception apply. *See* 28 U.S.C. § 1332(d)(11)(B)(ii)(I) (applies where "all of the claims in the action arise from an event or occurrence in the State in which the action was filed, and that allegedly resulted in injuries in that State or in States contiguous to that State"). Plaintiffs do not allege that all of their claims arise from a single event in Illinois, but instead allege that their claims arise from a number of acts over a number of years undertaken by Syngenta entities located both inside and outside the United States (none of which is located in Illinois), including (a) Syngenta's decision to commercialize and sell Viptera and Duracade corn seeds in various states and (b) certain representations made outside of Illinois by different Syngenta entities. *See* Compl., Ex. A ¶¶ 135, 152-56; *see, e.g., Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 668 (9th Cir. 2012) (single-event exception applies "only where all claims arise from a single event or occurrence" within the state). And the Complaint alleges that plaintiffs were injured outside of Illinois and outside of states contiguous to Illinois. *See* Compl. ¶ 137 (alleging that injuries were felt by "[m]ultiple Plaintiffs [who] reside in and are citizens of states

which are not contiguous to Illinois," including "North Carolina, Minnesota, Nebraska, and South Dakota").

## CONCLUSION

For the foregoing reasons, Defendants remove this action from the Third Judicial Circuit of Madison County, Illinois, to the United States District Court for the Southern District of Illinois.

November 3, 2015

Respectfully submitted,

SYNGENTA CORPORATION,
SYNGENTA CROP PROTECTION, LLC,
SYNGENTA BIOTECHNOLOGY, INC.,
SYNGENTA SEEDS, INC., Defendants

By:  */s/ Michael J. Nester*
Michael J. Nester (ARDC #0203211)
DONOVAN ROSE NESTER P.C.
201 South Illinois Street
Belleville, IL 62220
Telephone: (618) 212-6500
Fax: (618) 212-6501
Email: MNester@drnpc.com

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing document with the Clerk of this Court by using the CM/ECF system. I also certify that a copy has been served on counsel for plaintiffs via U.S. mail, postage prepaid and properly addressed, this 3rd day of November, 2015:

James G. Onder
ONDER, SHELTON, O'LEARY &
PETERSON, LLC
100 E. Lockwood Ave.
2nd Floor
St. Louis, MO 63119
Telephone: (314) 693-9000
blair@onderlaw.com

Francois M. Blaudeau
2224 1st Avenue North
Birmingham, AL 35203
Telephone: (205) 325-3335
francois@southernmedlaw.com

W. Lewis Garrison, Jr.
HENINGER GARRISON DAVIS, LLC
2224 1st Avenue North
Birmingham, AL 35203
Telephone: (205) 326-3336
wlgarrison@hgdlawfirm.com

Brian L. Kinsley
2400 Freeman Mill Road, Ste. 200
Greensboro, NC 27406
Telephone: (336) 333-9899
blkinsley@crumleyroberts.com

*/s/ Michael J. Nester*
Michael J. Nester (ARDC #0203211)