UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

----------------------------------------------------------   X

IN RE SYNGENTA MASS TORT ACTIONS

----------------------------------------------------------   Judge David R. Herndon

**This Document Relates to:**

*Poletti et al. v. Syngenta AG et al.* No. 3:15-cv-01221-DRH

*Brase Farms, Inc. et al. v. Syngenta AG et al.* No. 3:15-cv-01374-DRH

*Wiemers Farms, Inc. et al v. Syngenta AG et al.* No. 3:15-cv-01379-DRH

**ORDER**

**HERNDON, District Judge:**

### I.   INTRODUCTION

The above captioned matters are before the Court for purposes of (1) addressing the defendants' (Syngenta Biotechnology, Inc., Syngenta Corporation, Syngenta Crop Protection, LLC, Syngenta Seeds, Inc.) (collectively, "Syngenta")[1] identical motions for Extension of Time to File Response/Reply and for Consolidated Complaint and (2) docket control.

---

[1] Syngenta notes that Syngenta AG and Syngenta Crop Protection AG are located outside the United States and have not been served. If such defendants are served prior to the deadline for the U.S. based Syngenta defendants to answer or otherwise plead in response to plaintiffs' consolidated complaint, Syngenta requests that the foreign defendants be granted the same extension of time to respond.

## II. BACKGROUND

The above captioned actions were removed as mass actions under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). The *Poletti* action, filed on behalf of 123 plaintiffs, was removed on November 3, 2015. The *Brase Farms* action, filed on behalf of 1,228 plaintiffs, was removed on December 16, 2015. The *Wiemers Farms* action, filed on behalf of 1,431 plaintiffs, was removed on December 17, 2015. Plaintiffs in all three actions are U.S. corn farmers who allege, *inter alia,* that they suffered losses when China refused to allow imports of U.S. corn grown from Syngenta's genetically modified corn seed called Viptera. On November 10, 2015, in *Poletti,* the Court granted a consent motion for extension, allowing the defendants until January 11, 2016 to answer or otherwise respond (*Poletti* Doc. 10). An answer or other response is presently due in *Brase Farms* and *Wiemers Farms.* Fed.R.Civ.P. 81(c)(2).

Syngenta asks the Court to direct the plaintiffs to file a consolidated complaint on or before January 22, 2016. Additionally, Syngenta requests 30 days to answer or otherwise respond to the consolidated complaint. The plaintiffs oppose the request for a consolidated complaint (at this time) and ask the Court to direct Syngenta to answer or otherwise respond, in all of the above actions on January 11, 2016 (the same responsive pleading date presently set in the *Poletti* case). The plaintiffs make several additional scheduling requests depending on the Court's decision as to the subject motions, the Court declines to address these scheduling requests at this time.

### III.   ANALYSIS

**A. Efficiency and Procedural Guidelines**

The Court begins by noting the above captioned mass actions, involving thousands of claims against the named defendants, will be handled by this Court in the most efficient and effective manner possible. Even though the *Poletti* action was filed a few weeks in advance of the *Brase Farms* and *Wiemers Farms* actions, it is more efficient for all three actions to be managed by the Court in lock step. Consequently, the Court will impose the following procedural guidelines:[2]

1. When hearings are necessary to address common issues, they will be held simultaneously and in conjunction with each other.

2. Pleadings that apply to all three actions shall be filed contemporaneously in each of the above captioned actions (in the same manner and form as this Order).

3. Discovery deadlines and motion deadlines in the above captioned cases will be identical.

4. Only those pleadings which are unique to one action or an individual plaintiff within a particular action are to be filed individually.

5. Federal Rule of Civil Procedure 16 and Federal Rule of Civil Procedure 26 deadlines will be adjusted to meet the above objectives.

---

[2] Any technical filing questions with regard to application of these guidelines may be directed to the law clerks responsible for the above captioned actions: Debra Ward (debra_ward@ilsd.uscourts.gov) or Leigh Perica (leigh_perica@ilsd.uscourts.gov).

### B. Consolidated Complaint

In the instant case, the plaintiffs' argument against a consolidated complaint is not a convincing one. Additionally, the Court typically finds that, in matters where different actions are filed and where the allegations in the various complaints are nearly identical, a consolidated complaint is warranted. However, at this early stage, the Court is not sufficiently familiar with the litigation to require a consolidated complaint over the plaintiffs' objection.

Accordingly, until such time as the Court has a better working knowledge of the matters at hand, the request for a consolidated complaint is **DENIED** without prejudice. Further, the Court expects to revisit this matter at the Rule 16 conference (see below).

### C. Extension

The Court **GRANTS** an extension, up to and including **January 29, 2016,** for Syngenta to answer or otherwise respond in each of the above captioned cases. The Court notes this represents an extension of the *Poletti* response. As the foreign Syngenta defendants have not yet been served, the Court finds it is unnecessary to address response deadlines as to these defendants.

### D. Federal Rule of Civil Procedure 16 Conference

Pursuant to Federal Rule of Civil Procedure 16(a):

> In any action, the court may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for such purposes as:
>
> (1) expediting disposition of the action;

(2) establishing early and continuing control so that the case will not be protracted because of lack of management;

(3) discouraging wasteful pretrial activities;

(4) improving the quality of the trial through more thorough preparation; and

(5) facilitating settlement.

The Court hereby **DIRECTS** the parties to appear for a pretrial conference, in accord with the above, on **February 18, 2016 at 9:00 am**. The Court will address deadlines for the parties' Rule 26(f) report and associated matters at that time. A formal Rule 16 conference order will follow.

**IT IS SO ORDERED.**

Signed this 30th day of December, 2015.

Digitally signed by Judge David R. Herndon
Date: 2015.12.30 10:06:43 -06'00'

**United States District Judge**