## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

-------------------------------------------------------------

**IN RE SYNGENTA MASS TORT ACTIONS**

-------------------------------------------------------------          **Judge David R. Herndon**

**This Document Relates to:**


*Poletti et al. v. Syngenta AG et al.* No. 3:15-cv-01221-DRH


## REVISED SCHEDULING AND DISCOVERY ORDER



On May 27, 2016, the parties filed a Joint Status Report (Doc. 132). The Joint Status Report includes several proposed agreed upon revisions to the Court's Scheduling and Discovery Order (Doc. 55). Additionally, the parties have identified several areas of disagreement and have requested a ruling on the same. The Court first addresses the disputed matters relating to untimely Plaintiff Fact Sheets and trial discovery pool selection.

The parties have competing proposals regarding how to address plaintiffs who fail to submit completed Plaintiff Fact Sheets on or before the proposed deadline of July 1, 2016 ("delinquent plaintiffs"). The defendants argue the claims of delinquent plaintiffs should be dismissed without prejudice. The plaintiffs ask the Court to allow a grace period for delinquent plaintiffs.

The defendants object to a grace period, arguing it will frustrate the trial discovery pool selection process. If a cure period is permitted, it would overlap with the trial discovery pool selection deadlines. Accordingly, defendants would have to make trial discovery pool selections without the benefit of evaluating the Plaintiff Fact Sheets of delinquent plaintiffs who submit a Plaintiff Fact Sheet

during the grace period. Defendants argue such a process would deprive them of the opportunity to make trial discovery pool selections based on the complete pool of plaintiffs.

As the Court was careful to note at the first status conference, the Court does not refer to the early trials as bellwether trials. The term bellwether suggests the purpose of the trials is to provide representative exemplars from the myriad of cases before the Court. However, in both mass torts and multidistrict litigation, the early trial process rarely, if ever, achieves this purpose. Experience teaches that, rather than filling the trial-selection pool with representative cases, attorneys select cases they think will be successful at trial. That is, the plaintiffs pick the strongest cases from the inventory and the defendants select the weakest cases from the inventory. Because the trial-selection pool is tainted, the early trials do not provide representative exemplars and have little predictive worth as to value.

With this background in mind, the Court infers from defendants' argument that they are concerned with not being able to select the worst of the worst cases from the inventory. Such interests are sufficiently served by selecting cases from the inventory as it exists on July 1, 2016. This inference is borne out, as to both sides, in part because of the defendants' concern with plaintiffs' facts sheets and a trial plan that does not call for issue specific trials, simply trial to full verdicts.

As for the delinquent plaintiffs, the Court orders as follows: The Court intends to hold these plaintiffs accountable in a measured way. Accordingly, plaintiffs who fail to timely submit a complete[1] Plaintiff Fact Sheet will have his, her, or their case dismissed without prejudice with leave to reinstate no later than September 1, 2016. In reinstating, the case will not be considered for the discovery pool for one of the early trials. If that consideration is an incentive, each plaintiff should aspire to meet the July 1, 2016 deadline.

If, subsequent to being dismissed for failing to submit a completed Plaintiff Fact Sheet on or before July 1, 2016, the plaintiff fails to reinstate the case by September 1, 2016, the usual civil rules apply and a new complaint will have to be filed. Plaintiffs should note that the filing of a new complaint will require payment of a new filing fee. Also, legal questions remain as to whether this Court will have jurisdiction over such a case under the Mass Action provision. Such a singularly filed case could be swept up as a tag along to the Syngenta AG MIR162 Corn Multidistrict Litigation.

---

[1] The Plaintiff Fact Sheets must be complete.  Any questions which are left unanswered or which defer to other records or promise additional records or answers at a later time will render the Plaintiff Fact Sheet incomplete.  The purpose of the Plaintiff Fact Sheet is to provide a document that allows the reviewer adequate information, without searching other documents and without waiting for additional information to make informed decisions about the litigant.

In summary, plaintiffs who fail to submit completed Plaintiff Fact Sheets on or before July 1, 2016 will be dismissed without prejudice upon motion, with leave to reinstate the case on or before September 1, 2016. Plaintiffs who fail to reinstate the case by September 1, 2016 and wish to proceed will have to file a new case. There is no guarantee that such a singularly filed case can proceed under the Mass Action provision. Discovery trial pool selections will be based on the inventory of cases as of July 1, 2016. That is, plaintiffs who are dismissed for failure to submit a Plaintiff Fact Sheet will not be considered for the discovery pool for one of the early trials.

The final disagreement regarding allowing the defendants to supplement the trial discovery pool selections is obviated by the above rulings.

Having addressed these areas of disagreement, the Court revises the Scheduling and Discovery Order (Doc. 55) as follows:

**Discovery**

a) **Plaintiff Fact Sheets (PFS).**  Plaintiffs shall serve Plaintiff Fact Sheets, modeled after the form used in the Syngenta Viptera MDL pending before Judge John Lungstrum in U.S. District Court for the District of Kansas, for all plaintiffs (including all supporting documentation) on or before **July 1, 2016**.

b) **Trial Discovery Pool.**  Each side shall select 4 states from which Plaintiffs will be chosen for initial trial discovery, and the resulting 8 state selections shall be made by **July 15, 2016**.  Each side shall select 3 plaintiffs from each of the 8 states at issue to serve as initial trial discovery plaintiffs (the "Initial Trial Discovery Pool").  The parties shall identify the plaintiffs that are part of the initial trial discovery pool in a joint status report to be filed on or before **July 27, 2016**.

c) **Fact Discovery Cutoff.**  All fact discovery of the initial trial discovery plaintiffs shall be completed no later than November 15, 2016, and all fact discovery of Syngenta shall be completed no later than August 15, 2016.

a) **Merits Expert Disclosures.**  Merits expert witnesses shall be disclosed, along with a written report prepared and signed by the witness pursuant to Federal Rule of Civil Procedure 26(a)(2) and any reliance materials, and deposed as follows:

1. Plaintiffs' expert(s) disclosures: January 10, 2017.

2. Deadline to depose plaintiffs' experts: February 10, 2017.

3. Defendants' expert disclosures: February 28, 2017.

4. Deadline to depose defendants' experts: March 31, 2017.

**IT IS SO ORDERED.**

**Signed this 15th day of June, 2016.**

Digitally signed by
Judge David R.
Herndon
Date: 2016.06.15
17:19:11 -05'00'

**United States District Judge**