## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

-------------------------------------------------------------

**IN RE SYNGENTA MASS TORT ACTIONS**

-------------------------------------------------------------

**This Document Relates to:**

**Judge David R. Herndon**

*Poletti et al. v. Syngenta AG et al.* No. 3:15-cv-01221-DRH

## STIPULATION AND ORDER
## REGARDING EXPERT DISCLOSURE PROTOCOL

Counsel on behalf of the Plaintiffs, and Counsel on behalf of Syngenta, hereby agree that the following procedures shall govern expert reports, disclosures, and discovery with respect to testifying experts hired for the above-referenced cases (each an "Expert"):

1.      With respect to testifying experts, the parties agree to be bound by FEDERAL RULE OF CIVIL PROCEDURE 26(a)(2)(B) and 26(b)(4) governing expert disclosure and the trial preparation of experts, along the timelines set forth in the applicable Case Management Order(s).

2.      Notwithstanding any potentially applicable rule, law, statute, or regulation, the parties shall not be required to disclose or produce in

discovery or otherwise in the context of these cases any of the following documents or information (the "Excluded Information"):

a.      drafts of any reports, affidavit, declaration, written testimony, exhibit or disclosure prepared by or at the direction of the Expert, counsel or other agent of the party proffering the Expert, or others working under the supervision of or on behalf of the Expert in connection with these cases, regardless of the form in which such draft is recorded;

b.      preliminary or intermediate: calculations, computations, programs, data collections or data runs prepared by or at the direction of the Expert or those working under the supervision of or on behalf of the Expert;

c.      notes created or prepared by the Expert, counsel or others working under the supervision of or on behalf of the Expert, in connection with the Expert's work in these cases;

d.      documents or information constituting oral or written communications between or among the Expert, any other Experts, others working under the supervision of or on behalf of any Expert, or counsel in connection with the Expert's work in these cases, regardless of the form of the communications, except to the extent that the communications: (i) relate to compensation for the Expert's study or testimony; (ii) identify facts or data that the Expert

considered in forming the opinions to be expressed; or (iii) identify assumptions that the party proffering the Expert or that party's attorney provided and that the Expert relied upon in forming the opinions to be expressed.

3.          Nothing herein, however, shall be construed to prevent deposition questions relating to the substance of the Expert's opinions (including alternative theories, methodologies, variables, or assumptions that the Expert may or may not have considered in formulating her or his opinions or in preparing her or his report).  Thus, notwithstanding anything to the contrary herein, an Expert may be presented at deposition or trial with documents, testimony or other materials not contained in his or her expert report and questioned about whether the Expert saw or considered such documents, testimony or other materials, the reasons why the Expert did or did not consider or rely on such documents, testimony or other materials in formulating his or her opinions and whether such documents, testimony, or other material cause the Expert to alter his or her opinion(s) in any respect.

4.          Nothing herein, however, shall be construed as relieving an Expert of the obligation to disclose all data they relied upon, including any underlying data, calculations and analysis, and the sources of such data.

5.          If a retaining party withdraws an Expert and that Expert is not listed on the retaining party's final witness list, neither the retaining party nor any

other party may call that Expert to testify at trial or introduce that Expert's opinions, report or deposition or any part thereof into evidence for any purpose including cross-examination of another Expert called by the party who withdraws the Expert.

**IT IS SO ORDERED.**

Signed this 17th day of August, 2016.

Digitally signed by
Judge David R. Herndon
Date: 2016.08.17
13:53:25 -05'00'

**United States District Judge**