IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

-----------------------------------------------------------

IN RE SYNGENTA MASS TORT ACTIONS

-----------------------------------------------------------

Judge David R. Herndon

**This Document Relates to:**

*Poletti et al. v. Syngenta AG et al.* No. 3:15-cv-01221-DRH

### MEMORANDUM & ORDER

This matter is before the Court on all plaintiffs' motion to reconsider the dismissal of certain plaintiffs for failure to submit a complete plaintiff fact sheet (PFS) (Doc. 191). Syngenta filed a response to the motion opposing the request to reconsider dismissal of all but eight plaintiffs.[1] For the reasons stated below, plaintiffs' motion is **GRANTED in part** and **DENIED in part**.

---

[1] Syngenta states that it does not oppose plaintiffs' request to reconsider the dismissal of the plaintiffs identified in Exhibit 2 to plaintiffs' motion (Doc. 191-2).

In the pending motion, plaintiffs make an error in judgment by assuming that the Court would not have known that the parties in this case were meeting and conferring regarding their differences over the PFSs. The history of this litigation and the Court's deficiency order at Doc. 166 insured that such a meet and confer process would have occurred. Where the plaintiffs missed the boat, so to speak, is that counsel did not file anything with the Court after that meet and confer process to, as contemplated by the deficiency order at Doc. 166, seek a ruling from the Court regarding whether the position of the parties was reasonable or not. As the deficiency order pointed out, the exemplars previously submitted hardly provided the Court, and therefore the parties, with a sufficient sampling of the asserted deficiencies to allow the Court to provide an appropriate base of information regarding what the Court considered sufficient compliance or a deficient PFS. The only lists supplied by the plaintiffs to the Court were lists of plaintiffs that "were still deficient" at Docs. 180 and 181, as well as a list of those plaintiffs who still had not submitted a PFS at Doc. 184. Plaintiffs did not file anything with the Court contesting any issues having to do with the meet and confer process and they cite the scheduling order at Doc. 159 as support. Clearly, the deficiency order at Doc. 166, and the Court's comments at the status conference, made it clear that the Court sought additional information from the parties about the meet and confer process. Therefore, when Syngenta filed its motion to dismiss, there seemed to the Court nothing left to decide. The only action left was a purely ministerial one for all practical purposes; so the action the

Court took on December 9, 2016 was to dismiss the cases identified by the defendant where the plaintiffs either did not submit a PFS or did so deficiently.

One thing is clear, the Court has examined the deficiency order at Doc. 166 and there are no provisions in the order that would expedite the response times for the dismissal of the cases pursuant to the issues raised by these matters. The Court's ruling came seven days too soon on the defendant's renewed motion to dismiss under the local rules. Defendants, however, may argue that the order at Doc. 159 provided the Court with the authority to proceed with its dismissal order at day 23. Therefore, the two orders created an ambiguity, which is something the Court should be blamed for and the parties should have inquired about. This is not an unusual action by this Court when the outcome is clear. In instances such as this, there is an effort to expedite the litigation generally, and where there is no immediate indication from a party of an intention to mount a serious opposition to a motion. Nothing was communicated after the fact either.

In the motion to reconsider, plaintiff still does not provide the Court with any information. The Court begins from the proposition that the parties, including the plaintiffs, originally agreed to this process including the imposed deadlines. As time progressed, the plaintiffs discovered how onerous the process would be and how draconian the penalties for non-compliance, to which they agreed, would end up being. A great deal of litigation has ensued over details and compliance issues relative to these discovery issues. The Court does not point this out over frustration or the fact that it has a problem with the substance, only to recall the

history and context for the dispute at bar.  The typical motion to reconsider points out the error in fact or law or brings forward some new evidence.  It furthers argues what action the Court should take, different than the action it previously took, usually in favor of the movant this time.  To the contrary, this motion simply sets out some historical context and asks the Court to reconsider its decision.

In light of the plaintiffs' failure to argue substantive issues in their motion for reconsideration, the Court finds that any potential harm associated with ruling on the motion to dismiss 23 days after it was filed was harmless, even if it was not provided for in either order of the Court and contrary to the local rules.

Consequently, except as pointed out below, the plaintiffs have not provided a basis for this Court to reconsider its decision.  Therefore, the motion is **DENIED** as to those PFSs in dispute.

In the pending motion, plaintiffs' counsel refers to an agreement with Syngenta for the reinstatement of eight cases. Plaintiffs state that the parties have come to a resolution regarding eight PFSs and agree those eight plaintiffs should be re-instated.  In its response, Syngenta confirmed in a footnote that it does not oppose plaintiffs' request to reconsider the dismissal of those plaintiffs listed in Exhibit 2 to Doc. 191. Therefore, the Court accepts the parties' stipulation and the motion is **GRANTED** as to those plaintiffs identified in Exhibit 2

accompanying Doc. 191 (Doc. 191-2). The Court reinstates the cases listed in Exhibit 2 accompanying Doc. 191.

**IT IS SO ORDERED.**

Signed this 15th day of February, 2017.

Digitally signed by
Judge David R. Herndon
Date: 2017.02.15
17:27:11 -06'00'

**United States District Judge**