**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

**IN RE SYNGENTA ACTIONS**

**This Document Relates To:**

*Poletti et al. v. Syngenta AG et al.*,
No. 3:15-cv-01221-DRH

**Judge David R. Herndon**

**SYNGENTA'S MOTION TO DE-DESIGNATE AND UNSEAL FILINGS MARKED CONFIDENTIAL BY THIRD-PARTY DEFENDANT CARGILL**

Syngenta respectfully moves to unseal filings in this Court's record that Cargill is trying to withhold from public view. Cargill's designation of materials as Confidential or Highly Confidential under the Protective Order required Syngenta to file this material under seal in the first instance, but none of this information was properly designated and it should not be kept secret from the public. *See* Syngenta's Mot. to Seal ¶ 7, ECF No. 315. Syngenta, therefore, moves to affirmatively unseal and de-designate these filings.

It is not surprising that Cargill wants to prevent public disclosure of [redacted] It is likewise understandable that Cargill wants to hide from public scrutiny the fact that [redacted]

But Cargill's desire to avoid disclosure of [redacted]

[redacted] does not justify continued concealment of internal Cargill statements which indisputably do not include trade secrets or even competitively sensitive information. As this Court recognized in *Perry v. National City Bank*, "documents of the judicial record" such as the exhibits to Syngenta's Brief in Opposition to Cargill's Motion to Dismiss "should be 'open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality.'" No. 05-cv-891-DRH, 2008 WL 427771, at *1 (S.D. Ill. Feb. 14, 2008) (*quoting Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). "In civil litigation only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is entitled to be kept secret on appeal." *Baxter*, 297 F.3d at 546.

Here, it is undisputed that the exhibits and testimony at issue do not contain trade secrets, privileged information, or information required by statute to be maintained in confidence. Courts have consistently rejected "any general 'privacy' rationale for keeping documents confidential" and have ordered disclosure even where a litigant has a "preference for secrecy." *United States v. Foster*, 564 F.3d 852, 854 (7th Cir. 2009). Courts have likewise refused to seal information that might prove embarrassing to a litigant or witness. *See Milam v. Dominick's Finer Foods, Inc.*, 567 F.3d 830 (7th Cir. 2009).

In this case, Cargill cannot possibly meet that burden. [redacted]

[redacted]

[redacted] but there is no legitimate justification for concealing this information.

Cargill foresaw the possibility that China might reject corn shipments because it [redacted]

[redacted]

---

1 Stonacek Dep. 330; *see also* Giroux Dep. Ex. 85.

2 Smalley Dep. Ex. 31; Giroux Dep. Ex. 83; Hale Dep. 119-121, 125-26, Smalley Dep. 231-32; 241-42.

3 DX7875.

[redacted]

Given the righteous indignation with which Cargill has criticized actions that could possibly lead to Chinese rejections, it is not surprising that it wants to prevent disclosure of [redacted]

[redacted]

---

4 CARGILL000035675; Giroux Dep. Ex. 113.

5 Giroux Dep. Ex. 107.

6 *E.g.*, Giroux Dep. Ex. 91; *see also* Giroux Dep. 106; Giroux Dep. Ex. 107.

[redacted]

Cargill understandably wants to hide the fact that [redacted] Specifically, Cargill wants to conceal the fact that [redacted] Just a few months later, China rejected Cargill shipments of corn with MIR 162 in order to [redacted]

It is also understandable that Cargill wants to conceal from the public the fact that [redacted]

---

7 Chen Dep. Ex 12.

8 *Id.*

[redacted] Cargill's decision to [redacted]

[redacted]

[redacted]

---

9 Eldstrom Dep. Ex. 6; 2/16/2017 Smalley Dep. 116-18, 139-40.
10 *Id.*
11 Giroux Dep. 44-45, 63; Smalley Dep. 246; Hale Dep. 235-36.
12 Smalley Dep. Ex. 4.
13 Chen Dep. Ex. 15.
14 *Id.*

[redacted] Again, it is understandable that Cargill does not want its conduct to be publicly scrutinized but there is no basis for concealing its conduct from the public—particularly in light of Cargill's history of holding itself out as a company that always adheres to the highest standards of ethics and integrity.

It is likewise understandable that Cargill wants to prevent disclosure of [redacted]

Cargill has the burden of establishing specific facts sufficient to justify maintaining the confidentiality of the exhibits and deposition testimony cited in Syngenta's Opposition to dismissal, including demonstrating that any harm to Cargill "would outweigh the public's common law right to access the judicial record." *Perry*, 2008 WL 427771, at *1. Cargill cannot do so. The Court should unseal Syngenta's Opposition and Third-Party Complaint in their entirety and de-designate the redacted material that Cargill has marked Confidential and Highly Confidential.

None of the Cargill documents and testimony filed in this Court's record are entitled to be kept secret from the public, but as required by the Protective Order, Syngenta sought leave to file this information under seal while the information remained designated as Confidential or Highly Confidential. *See* Syngenta's Mot. to Seal ¶ 7, ECF No. 315; Cargill Stipulated Protective Order § 12 (attached as Ex. A); *see also* Protective Order, ECF No. 56 §§ XII, XV (containing materially identical provisions).

Under both the Protective Order and the law, "[t]he burden of proving the necessity of a

---

[15] *Id.*

[16] Hale Dep. Ex. 26.

confidentiality designation remains with the party asserting confidentiality"—here, Cargill. Cargill Stipulated Protective Order § 15 (Ex. A); see, e.g., *Elder Care Providers*, 2015 WL 4425679, at *2 ("Even when a protective order providing for confidentiality is on the docket, the party who desires the secrecy has the burden of continually showing 'good cause' to maintain such confidentiality when the confidential nature of the information is challenged."). Documents and testimony that enter the judicial record "are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter*, 297 F.3d at 545. Accordingly, "[i]n civil litigation only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is entitled to be kept secret . . . ." *Id*. at 546. The Seventh Circuit has thus expressly "disapproved any general 'privacy' rationale for keeping documents confidential": "[t]he law could not be clearer" that "a witness's or litigant's preference for secrecy" is not enough. *Foster*, 564 F.3d at 854. "Many a litigant would prefer that the subject of the case—how much it agreed to pay for the construction of a pipeline, how many tons of coal its plant uses per day, and so on—be kept from the curious (including its business rivals and customers), but the tradition that litigation is open to the public is of very long standing." *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000). What is filed in this Court's records is "presumptively public"—especially in light of the public's First Amendment right of access to judicial proceedings. *Id*. at 568; *see also, e.g., In re Bank One Sec. Litig.*, 222 F.R.D. 582, 585 (N.D. Ill. 2004) ("There is a strong presumption toward public disclosure of court files and documents . . . ."). Overcoming that presumption "requires compelling justification." *Union Oil Co.*, 220 F.3d at 568; *see also*, *e.g.*, *Neil v. Zell*, No. 08 C 6833, 2011 WL 843661, at *2 (N.D. Ill. Mar. 3, 2011) ("[A] [C]ourt 'must be firmly convinced that disclosure is inappropriate' before rejecting the presumption of access.") (*quoting Matter of*

*Cont'l Ill. Sec. Litig.*, 732 F.2d 1302, 1313 (7th Cir. 1984)).

Cargill cannot satisfy its burden to overcome this presumption or show that any of the redacted information meets the high standard for maintaining it under seal. Because Cargill has not claimed that any privilege or statute permits the redacted information to be kept confidential; it must demonstrate that the redacted information constitutes a "genuine trade secret." *Union Oil Co.*, 220 F.3d at 568 ("Ever since [*In re*] *Continental Illinois* [*Securities Litigation*, 732 F.3d 1302 (7th Cir. 1984)], we have insisted that only genuine trade secrets, or information within the scope of a requirement such as Fed. R. Crim. P. 6(e)(2) ('matters occurring before the grand jury'), may be held in long-term confidence."). None of the redacted Cargill information here is a "genuine trade secret."

For these reasons, the Court should order the unsealing of the unredacted versions of Syngenta's Opposition in *Poletti* to the Third-Party Defendants' Motion to Dismiss and Syngenta's Third-Party Complaint in *Poletti* and direct the Clerk to make these filings publicly available on the docket in their entirety.

Dated: November 10, 2017

Respectfully submitted,

*/s/ Jordan M. Heinz*

Michael J. Nester (ARDC #0203211)
DONOVAN ROSE NESTER P.C.
201 South Illinois Street
Belleville, IL 62220
Telephone: (618) 212-6500
Fax: (618) 212-6501
Email: MNester@drnpc.com

Leslie M. Smith, P.C. (*pro hac vice*)
Jordan M. Heinz (ARDC #6286377)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: leslie.smith@kirkland.com
jheinz@kirkland.com

Michael D. Jones (*pro hac vice*)
Edwin John U (*pro hac vice*)
Patrick F. Philbin (*pro hac vice*)
Ragan Naresh (*pro hac vice*)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC 20005-5793
Telephone: 202-879-5000
Facsimile: 202-879-5200
Email: mjones@kirkland.com
eu@kirkland.com
pphilbin@kirkland.com
ragan.naresh@kirkland.com

*Attorneys for Syngenta Defendants/ Third-Party Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on November 10, 2017, I electronically filed the foregoing document and any attachments with the Clerk of this Court by using the CM/ECF system, which will accomplish service through the Notice of Electronic Filing for parties and attorneys who are Filing Users.

Dated: November 10, 2017

*/s/ Jordan M. Heinz*
Jordan M. Heinz (ARDC #6286377)