**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **IN RE SYNGENTA ACTIONS**<br><br>**This Document Relates To:**<br><br>*Poletti et al. v. Syngenta AG et al.*,<br>No. 3:15-cv-01221-DRH | **Judge David R. Herndon** |

## Order Granting Syngenta's Motion to De-Designate and Unseal Filings Marked Confidential by Third-Party Defendant Cargill

### I.      INTRODUCTION

This matter is before the Court on Syngenta's motion (doc. 333), challenging the confidentiality designations that third-party defendant Cargill placed on certain material, then referenced and discussed in three different filings, specifically: 1. Syngenta's Third-Party Complaint, doc. 229, 2. Syngenta's Opposition to the ACD defendants' Motion to Dismiss the Third-Party Complaint, doc. 325, and 3. the motion of which this Order relates, Syngenta's Motion to De-Designate and Unseal Filings Marked Confidential by Cargill ("Motion to Unseal"). Syngenta seeks the Court unseal these three documents and any accompanying exhibits due to improper confidentiality designations marked by Cargill as either "confidential" or "highly confidential," asserting that this practice violates the public's right to an open court system.

Cargill opposes Syngenta's Motion to Unseal only in part, and states narrow objections to various textual references in the three filings listed above and to the exhibits attached to Syngenta's Opposition to the ACD defendants' Motion to

Dismiss. Cargill contends that parts of the contested material incorporated by Syngenta in document numbers 229, 325, and 333 were appropriately designated as confidential and properly sealed due to the commercially sensitive nature of the information, and that Syngenta's case is not prejudiced by maintaining that designation because the information Syngenta seeks to unseal is only tangentially relevant to the merits of the case. Thus, Cargill asks that the Court grant Syngenta's motion in part and deny the motion in part. The Court has considered the parties' briefing and has reviewed each of the challenged documents. For the reasons discussed herein, the Court **GRANTS** Syngenta's motion in its entirety.

## II. ANALYSIS

The Federal Rules of Civil Procedure provide that "for good cause shown, the court ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way...." Fed.R.Civ.P. 26(c). A party seeking a protective order **under Rule 26(c) bears the burden of demonstrating good cause.** Fed.R.Civ.P. 26(c)(7). In the instant matter, a protective order was entered that allowed Cargill to designate materials, in good faith, as Confidential or Highly Confidential. *See* Cargill Stipulated Protective Order entered in Louisiana state court litigation (40th Judicial District Court for the Parish of S. John the Baptist, Case No. 67061, Division A); *see also*, doc. 56 (Protective Order containing mirrored provisions).

The Protective Order further provides that if a party challenges any such confidential designations, "the burden of proving the necessity of [the designation] remains with the party asserting confidentiality." *Id.* at ¶ 15, *see also, In re Bank One Sec. Litig.*, 222 F.R.D. 582, 586 (N.D. Ill. 2004), *quoting Union Oil Co. of Cal. V. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) ("Once a protective order is entered, a party must continue to show good cause for confidentiality when challenged.") Accordingly, Cargill's duty to establish good cause for its confidentiality designations was triggered when Syngenta raised an issue with respect to the challenged documents.

In civil litigation, "only trade secrets, information covered by a recognized privilege . . . , and information required by statute to be maintained in confidence . . . is **entitled** to be kept secret." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) (emphasis added); *see also, Union Oil Co.*, 220 F.3d at 568 ("only genuine trade secrets, or information with the scope of a requirement such as Fed. R. Crip. P. 6(e)(2) . . . may be held in long-term confidence." Thus, to successfully carry the burden of establishing good cause for the confidentiality designations, Cargill must first demonstrate that the objected to materials fall into one of these categories, and then show that a particular need for protection exists. There must be evidence that a clearly defined and serious injury will result otherwise. *See* 8 C. Wright & A. Miller, Federal Practice And Procedure § 2035 (3d ed.). In this regard, "[t]he courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory

statements." *Id.; Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102 (1981) (citing Wright & Miller).

The main issue before the Court thus becomes: Has Cargill established good cause for the Court to keep the challenged documents protected under seal? In other words, has Cargill demonstrated that the information it seeks to keep protected of a legitimate commercially sensitive nature that would harm Cargill in a concrete way if made public. The Court thinks not. The undersigned has taken the time to review the material referenced in the three documents subject to Syngenta's Motion to Unseal and find that they lack confidentiality of any kind and/or have already been introduced into the public domain. Cargill fails to demonstrate the commercial sensitivity of the challenged material, using only generalized conclusory terms to bolster why Cargill would suffer a competitive disadvantage if publicized.

What explanation Cargill does gives to demonstrate why the contested documents should be kept sealed is spent on nonspecific, boilerplate conclusions. Cargill's briefing says little more than that certain portions of the three contested documents contain information that give it a competitive advantage or that they are internal communications consisting of sensitive business information. *See, e.g.* doc. 335 at 16, (opposing unsealing because document "contains Cargill's internal discussions of business strategy" and because exhibit contains "sensitive internal discussions about business strategy.") Cargill spends no time convincing the Court that the business information it seeks to protect are genuine trade

secrets. *See Union Oil Co.*, 220 F.3d at 568 ("[O]nly genuine trade secrets . . . may be held in long-term confidence.") Nebulous allegations of competitive harm that might result do not suffice to demonstrate that any particularized harm will result from disclosure.

Cargill additionally focuses on case law supporting when various courts have kept business information redacted due to the material being only "tangentially relevant" to the case at hand. *See, e.g.* Cargill's quote in doc. 335, p. 9 to *Sky Angel U.S., v. Discovery Commc'ns, LLC*, 95 F. Supp. 3d 860, 885 (D. Md. 2015) and Cargill's quote at p. 10 to *Williams v. Cent. Contracting & Marine Inc.,* No. 15-867 (SMY-RJD), 2016 U.S. Dist. LEXIS 151941, at *2 (S.D. Ill. Nov. 2, 2016) (Yandle, J.) Again however, the Court is not provided with sound reasoning as to why Cargill believes the information in the three contested documents is not relevant to resolution of the instant matter or why it believes the challenged material will not form part of the basis of judicial action on the issues. These non-specific arguments do not satisfactorily establish that the confidentiality designations are proper.

The Court also notes that in opposing Syngenta's motion, Cargill devotes energy trying to discern the objective behind Syngenta's decision to contest the designations. Cargill asserts that Syngenta moves to make the documents public because Syngenta wants to "publicly malign Cargill" and "sling[] mud" at Cargill, doc. 333, pgs. 2, 20, and argues that the Court is under no obligation to publicize briefing that serves only as "reservoirs of libelous statements for press

consumption." *Id.* at p. 20, *citing Nixon v. Warner Comc'ns,, Inc.*, 435 U.S. 589, 598 (1978). The Court however fails to see the importance of this position. Syngenta is not under an obligation to prove a proper motive for their motion. Syngenta challenged the subject confidentiality designations and thus, it falls on Cargill to establish that those designations were appropriate.

### III. CONCLUSION

For the reasons discussed herein, Syngenta's motion is **GRANTED**. The Court **ORDERS** the de-designation of the three challenged documents. Accordingly, the Court **DIRECTS** the Clerk of the Court to take the necessary action to unseal the appropriate documents, namely, docket entries numbered 229, 325 and 333, including the exhibits attached to docket entry no. 325.

**IT IS SO ORDERED.**

Judge Herndon
2018.01.05
12:46:36 -06'00'

**United State District Judge**

6