**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

IN RE: SYNGENTA MASS TORT ACTIONS

                                                                                                        **Judge David R. Herndon**

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

**THIS DOCUMENT RELATES TO:**

*Poletti et al. v. Syngenta AG et al.* No. 3:15-cv-01221-DRH

## ORDER APPOINTING SPECIAL MASTER

**HERNDON, District Judge:**

On August 8, 2017, the Honorable Judge John W. Lungstrum ("the Court") appointed a Plaintiffs' Settlement Negotiation Committee to conduct settlement negotiations with Syngenta. After months of extensive negotiations, the parties reached a settlement and executed a Settlement Agreement to resolve all claims against Syngenta for one billion five hundred and ten million dollars ($1,510,000,000.00). On April 10, 2018, the Court preliminarily approved the Settlement and the Parties' Settlement Agreement and issued a briefing schedule to determine final approval and issue its Fee and Expense Award, if any. On November 15, 2018, the Court held a Final Settlement Hearing to consider the overall fairness of the settlement and proposed attorney fee award. The Court concluded that the settlement was fair and reasonable and that an award of attorney's fees in the amount of one-third of the gross settlement was fair and reasonable. Further, the Court reaffirmed the appointments of Special Masters Ellen Reisman, Esq. and the Honorable Daniel J. Stack (Ret.) as Special Masters to assist in the administration of the settlement. The Court has scheduled a hearing on December 17, 2018 to determine how it intends to distribute attorney's fees and expenses amongst the various jurisdictions and law firms.

In anticipation that the Court may award attorney's fees and/or expenses to law firms assigned to or under my jurisdiction and in an effort to assist this Court in determining an

1

appropriate division of those fees and expenses that may ultimately be subject to the jurisdiction of this Court, the presiding judge has determined that it would be beneficial to expand Special Master Stack's duties to assist the Court in determining an appropriate division of any fees and/or expenses that may be ultimately subject to the jurisdiction of this Court and further carry out this Court's duties as described herein.

All disputes arising from any Fee and Expense Award shall be subject to the concurrent jurisdiction of the Honorable John W. Lungstrum and this Court, including matters arising from client fee contracts and referring counsel referral agreements involving any law firm assigned to or within the jurisdiction of this Court. For example, this Court shall have jurisdiction to approve fee disbursements with respect to all Class Members represented by any law firm assigned to or within the jurisdiction of this Court; and decide disputes between counsel for various Class Members arising out of the representation of Class Members represented by any law firm assigned to or under my jurisdiction. This jurisdiction shall apply to any Class Member who timely filed a claim irrespective of where that case was filed.

**IT IS HEREBY ORDERED** that The Honorable Daniel J. Stack's (Ret.) responsibilities as Special Master are expanded in order to assist this Court in determining an appropriate division of any attorney fees and expenses that are subject to the jurisdiction of this Court and to decide any disputes between Counsel for Class Members, if any. These additional responsibilities include, but are not limited to, reviewing and analyzing client fee contracts; referring counsel, co-counsel, and / or joint venture agreements; agreements between counsel regarding the division of attorney fees, expenses and time submissions. The Court takes judicial notice of this filing. The special master must proceed with all reasonable diligence in fulfilling the duties assigned him by the Court.

**Special Master Duties and Authority.** The Special Master may take all appropriate measures to fairly and efficiently perform his duties. He must not, however, act as an advocate, representative, fiduciary, or counsel for any party and has no formal coercive authority to compel the making of any agreement or the granting of any concession.

As it relates to his duties, the special master shall have the full authority provided in Rule 53(c). The special master may, without limitation:

1. Make reasonable requests for information from counsel to assist in the administration of his duties;

2. Decide disputes between counsel for various Class Members arising out of the representation of Class Members represented by Clark, Love, & Hutson;

3. Construct an efficient procedure to decide fee and expenses disbursements and decide disputes regarding fee and / or expense disbursements, including:

    a. establishing a list of information needed from each party in order to facilitate and approve fee and / or expense disbursements;

    b. creating a time table for the exchange of such information;

    c. ordering production of all necessary information; and

    d. conducting in-person meetings with the parties;

4. Hire necessary consultants to perform various administrative services to assist in the disbursement of fees and expenses and ultimately, the efficient administration of this assignment;

5. Order the appearance of any persons necessary to fully resolve any disputes;

6. Make recommendations to the Court concerning any issues that may require resolution in order to efficiently manage the tasks assigned; and

7. Direct, supervise, monitor, and report upon implementation and compliance with the Court's orders, and make findings and recommendations on remedial action if required.

**Proceedings.** In performing his duties, the special master has the authority to schedule and hold conferences, and to regulate all proceedings before him. The special master may require the parties to appear in person, via video conference, or telephonically. These meetings may be at the special master's discretion.

**Ex Parte Communications.** Pursuant to Rule 53(b)(2)(B), the special master may communicate ex parte with the Court at any time. He also may communicate ex parte with a party or counsel on purely administrative matters and in attempting to mediate these disputes.

**Preservation and Filing of Materials.** Pursuant to Rule 53(b)(2)(C), the special master must maintain orderly files consisting of all documents submitted to him by the parties, and any of his written orders, findings, and/or recommendations. He must preserve these files until such time that the Court grants permission for their destruction. Neither the special master nor the parties are required to file on the record materials submitted to the special master in confidence to aid in the administration of the Special Master's duties. But, pursuant to Rule 53(b)(2)(D) and Rule 53(d), any order, findings, and/or recommendations issued by the special master must be filed by him with the Court via the Court's electronic case filing (ECF) system. Such filing shall fulfill the special master's duty to serve his orders on the parties.

**Actions on the Special Master's Filings.** Pursuant to Rule 53(b)(2)(D) and Rule 53(f), any party wishing to file objections or motions related to the special master's filings must do so within 5 business days of the filing. The Court will review all objections under the standards provided in Rule 53(f).

**Compensation.** In appointing the special master, the Court has considered the fairness of imposing the expenses on the parties and has taken steps to protect against unreasonable expenses or delay as required by Rule 53(a)(3). Pursuant to Rule 53(b)(2)(E) and Rule 53(g), the special master must keep billing records of time spent on this litigation and expenses incurred, with reasonably detailed descriptions of the activity and expenses. He will be compensated at an hourly rate not to exceed $950.00 per hour and $9,000.00 per day. The special master may obtain assistance from any consultants or company hired by him to perform various administrative services to assist in the prosecution and ultimately, the efficient administration of this assignment, who will be compensated at a reasonable hourly rate per claim.

All fees of the special master shall be paid from the Fee Award prior to distribution to any and all attorneys entitled to fees and / or expenses to be determined by further order of this Court.

The special master must maintain monthly invoices for payment of his fees to be submitted to this Court for consideration. Such invoices must itemize and describe the services provided. Payment will be addressed by future order of this Court.

**IT IS SO ORDERED.**

Judge Herndon
2018.12.03
12:17:12 -06'00'

**United States District Judge**